BRADLEY v. BRADLEY *et al., Appellants.*

Division One, December 23, 1893.

1. **Resulting Trust**: PAROL EVIDENCE. Parol evidence, in order to establish a resulting trust, must be so clear and definite as to leave no room for reasonable doubt as to the existence of the trust.

2. ——: ——: EJECTMENT: APPEAL. Where in ejectment the evidence relating to such trust is conflicting, and on appeal by defendants (who claim the existence of the trust) they do not set out in their printed abstract the entire evidence of each witness as required by the rules of the supreme court, the judgment will be affirmed.

*Appeal from Livingston Circuit Court.*—ROBERT S. MOORE, ESQUIRE, Special Judge.

AFFIRMED.

*T. H. Kemp* for appellants.

Under the facts in this case, as set up by the pleadings, a resulting trust arises by operation of law, where the purchase money is paid by one person and the legal title transferred to another. *Kelley v. Johnson*, 28 Mo. 249; *Page v. Page*, 8 N. H. 187; *Gower v. Bank*, 4 Sand. 106; *Boyd v. Maclean*, 1 Johns. Chancery, 582; 2 Jac. & Walk. 578; *Cecil v. Butcher* and *Dummer v. Pilcher*, 2; *Mylne v. Kern*, 262.

*Oscar Saylor* for respondent.

BLACK, P. J.—Jennie Bradley commenced this suit of ejectment in 1889, against George Bradley and Hannah Bradley, to recover a small parcel of land in the city of Chillicothe. Zachariah Bradley was made defendant on his own motion. Hannah died pending the suit and it abated as to her. The separate answers of the other defendants are to the following effect: They admit legal title in the plaintiff, Jennie Bradley, and aver that the property was purchased and paid for by Zachariah with his own money, and that plaintiff paid no part of the consideration; that plaintiff was the wife of George, who was insolvent, and led a reckless, drunken life; that Hannah was an old and feeble woman, and the mother of George and Zachariah; and that the property was conveyed to plaintiff as a gift from Zachariah to George and Hannah. The prayer is that plaintiff be divested of the title and the same be invested in Zachariah. The trial court found for the plaintiff.

The effort of the defense is to show a resulting trust arising from the purchase and payment of the property by Zachariah, and the question whether he paid for the property out of his own means is one of vital importance.

We gather the following facts from the very imperfect and defective abstract of the evidence furnished by the defendants, who are the appellants:

The plaintiff and the defendant, George Bradley, were married in 1870. The defendant Zachariah Bradley, as executor of E. A. Bradley, sold the property to Mr. Creamer for $100 dollars. It does not appear when this sale was made. Creamer by a deed dated the eighteenth May, 1877, conveyed the property to the plaintiff, Jennie Bradley, the wife of defendant George Bradley, for the recited consideration of $300, paid by her. It seems the plaintiff and George and Hannah, occupied the premises until 1883, when it was rented out, the rents being paid to plaintiff and her husband. In 1887 she obtained a divorce from him.

The defendant Zachariah Bradley testified that he purchased the property and paid Creamer therefor out of his own money, and that he had the title placed in the name of the plaintiff because George was a drunken, reckless man, and was in debt, and that he purchased it as a home for his brother George and mother Hannah. On cross examination he said he paid $300 to Creamer for the property, and, being further interrogated upon this subject, said he paid $300, to the best of his recollection.

On behalf of the defendants, Mr. Creamer testified that he knew no one in the transaction but Zachariah Bradley, and that the latter paid him about $100. Mr. Jamison, who prepared the deed and took the acknowledgment, testified that Zachariah bought the property for his brother George and mother Hannah, and that Zachariah paid only $100. Says $300 was named in the deed, as the consideration at the request of Zachariah.

The plaintiff testified on her own behalf by way of a deposition, there being no cross-examination. In the

deposition she says she bought the property and paid $300 for it, that she and her husband had $400 in the house, that she gave him the $300 and he took it and paid for the lot, and that she had the deed made to her. Says she has always paid the taxes and insurance. She says the defendant Zachariah Bradley came to her in 1886 at Gallatin in this state and offered her $350 for the lot, but she declined to take that amount. Mrs. Saylor, a sister of the plaintiff, says she heard Zachariah offer the plaintiff $350 at Gallatin; the conversation occurred in August or September, 1886, at the Commercial hotel at that place.

Zachariah Bradley testified in rebuttal that he never offered to buy the property of the plaintiff. He says the plaintiff testified on the former trial of this case that she gave George the $300 to buy the property in 1870. According to the evidence of George Bradley, his wife, the plaintiff, never had a dollar. Jamison being recalled said plaintiff testified on the former trial that she gave George the money to buy the property at a date which was five or six years before the date of the deed.

The burden of proof is on the party seeking to establish a resulting trust; and, where it is sought to establish such a trust by parol evidence, the facts necessary to create the trust must be disclosed by evidence so clear, definite and probative as to leave no ground for reasonable doubt. Such is the well established rule. *Philpot v. Penn*, 91 Mo. 38, and cases cited; *Adams v. Burns*, 96 Mo. 361. There is, it will be seen, a direct conflict in the evidence as to who paid the purchase money. Zachariah says he paid it, and he says he paid $300. Two of the witnesses produced by him say he paid not to exceed $100. The plaintiff says she and her husband furnished the money, and that they paid $300. Her evidence is to some extent supported

by the fact, if such was the fact, that Zachariah offered her $350 for the property, and her evidence of this circumstance is corroborated by that of her sister, though denied by Zachariah.

To determine the question of fact as to who paid the purchase price, it is necessary to determine what credit is to be given the witnesses, and this requires a careful study of all the evidence of each witness. Under these circumstances the appellants should have set out in their printed abstract the entire evidence, questions and answers, of each witness. All this, the rules of this court require. The appellants have not seen fit to comply with the rules of this court upon this subject. They have only set out a very abridged statement of the evidence. In view of the failure of the appellants to comply with the rules of this court in the respect just stated, we shall not attempt to determine the weight to be given to the evidence of the various witnesses. With the evidence all set out, we are not in as favorable position to determine such a question as was the trial judge, who had most of the witnesses before him, and could therefore see their conduct and demeanor on the witness stand. As there is an abundance of evidence to support the finding of the trial court, and the appellants have not set out the evidence as required by the rules of this court, the judgment is affirmed. BARCLAY, J., absent; the other judges concur.