Hutton *r*. Cunningham.

---

## HUTTON ET AL. *v.* CUNNINGHAM ET AL.

[No. 3,933.  Filed November 19, 1901.  Rehearing denied January 30, 1902.]

TRUSTS.—*Payment of Purchase Money.*—*Evidence.*—In an action to enforce a trust in lands by parol under §§3396, 3398, Burns 1901, the evidence must be clear and unequivocal, and where the payment of a part only of the purchase money is claimed, the evidence must show in the same manner the exact portion of the whole which was paid.

From Montgomery Circuit Court; *J. V. Kent*, Special Judge.

Action by Samuel Hutton and others against Nelson Cunningham and others to enforce a trust in certain lands. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*G. S. Harney* and *J. F. Harney*, for appellants.
*B. Crane* and *A. B. Anderson*, for appellees.

PER CURIAM.—The judgment in this case was affirmed without a written opinion.

This was an action by appellants to enforce a trust in lands. The facts are: Samuel Hutton, George W. Hutton, Jacob Hutton, William G. Hutton, Alexander P. Hutton, and Martha Hutton were the children of William Hutton and Mary Hutton, and in the year 1834 they all came to Montgomery county, Indiana, and some or all of them rented a sawmill. A short time thereafter William G. and Alexander P. Hutton purchased the mill, and Samuel, George W., Jacob, and Alexander P. Hutton all worked in the mill and earned and accumulated money thereby, the

amount of which the evidence does not show. That afterwards, in the years 1836, 1842, 1847, 1848, and 1849, the real estate in question was purchased and the deeds, all in the ordinary form, were taken in the name of William G. Hutton, and by virtue of these deeds and upon the execution thereof, he entered upon and took possession of the land and continuously thereafter had and held the exclusive possession thereof up to the day of his death, on the 28th day of December, 1877. "The evidence does not show how much, if any, of the consideration paid for the said lands was earned and accumulated by work on said sawmill, or by the sale of the products of the same, nor how much, if any, was earned by reason of the joint labor of said Hutton brothers; that there was no contract that the said William G. Hutton should hold the title to said real estate, or any part thereof, in trust for any of his said brothers; that said real estate was not deeded to said William G. Hutton in trust for the use of his said brothers, but that the same was deeded to said William G. Hutton in fee simple and for his own use." Upon the death of William G. Hutton he left surviving him, as his sole and only heir, his widow, Martha Hutton, and on the day of his death she took possession of the real estate and continuously thereafter had and held the exclusive possession thereof and claimed to be the owner up to the day of her death, in February, 1897. That upon her death the appellees herein, as her heirs, entered upon and took possession of the lands, and continuously thereafter claimed and are now claiming to be the owners thereof, and have been in continuous possession up to the time of bringing this action.

Upon the facts found, the court's conclusion of law in appellees' favor was clearly right. The statute provides that where a conveyance for a valuable consideration is made to one person and the consideration paid by another, no use or trust results in favor of the latter, but the title vests in the former, except where the alienee takes an

absolute conveyance in his own name without the consent of the person with whose money the consideration was paid, or the alienee purchased with money not his own, in violation of some trust, or where, by agreement and without fraud, he takes the title to hold all or part of the land in trust for the party paying the purchase money. §§3396, 3398 Burns 1901..

The complaint proceeds upon the theory that William G. Hutton took an absolute conveyance in his own name and that by agreement he was to hold three-fourths of the land in trust for his brothers. No question of fraud is presented. If a trust arose at all it arose at the time of the conveyance to William G. Hutton. *Westerfield* v. *Kimmer*, 82 Ind. 365; *Toney* v. *Wendling*, 138 Ind. 228.

Upon this question the court has found the facts against appellants, and a careful consideration of the voluminous evidence leads to the conclusion that the facts found are not contrary to the evidence. Nor is it shown what part, if any, of the consideration was paid by the brothers. It is true a resulting trust may be established by parol, but, "It is settled," says the author in 2 Pom. Eq. (2nd. ed.) §1040, "by a complete unanimity of decision that such evidence must be clear, strong, unequivocal, unmistakable, and must establish the fact of the payment by the alleged beneficiary beyond a doubt. Where the payment of a part only is claimed, the evidence must show, in the same clear manner, the exact portion of the whole price which was paid." See, *Collier* v. *Collier*, 30 Ind. 32; *Parmlee* v. *Sloan*, 37 Ind. 469; *Fausler* v. *Jones*, 7 Ind. 277; *Blair* v. *Bass*, 4 Blackf. 539; *Van Buskirk* v. *Van Buskirk*, 148 Ill. 9, 35 N. E. 383; *Murphy* v. *Hanscome*, 76 Iowa 192, 40 N. W. 717.

The petition for a rehearing is overruled.