[No. 9714. Department One. January 15, 1912.]

JAMES B. METCALFE, *as Executor etc., et al., Appellants,* v.
JOSEPH SACKMAN, *Respondent.*[1]

TRUSTS—RESULTING TRUST—EVIDENCE—SUFFICIENCY. A resulting
trust in lands will not be declared where the evidence is not clear,
certain and conclusive and so cogent as to leave no reasonable doubt,
especially where nearly fifty years elapsed since the transaction oc-
curred.

APPEAL—REVIEW—HARMLESS ERROR. On a trial *de novo,* error in
the exclusion of a deposition which is brought up on appeal is harm-
less.

Appeal from a judgment of the superior court for Kitsap
county, Albertson, J., entered December 10, 1910, dismissing,
on the merits an action to declare a trust, after a trial to the
court. Affirmed.

*James B. Metcalfe* and *Allen & Allen,* for appellants.

*John E. Humphries* and *E. P. Edsen,* for respondent.

PER CURIAM.—On November 1, 1865, the United States
of America issued letters patent to one Daniel J. Sackman,
"for the lot numbered one of section twenty, the lot num-
bered five of section thirty-two, the lot numbered one of sec-
tion thirty-three, and the lot numbered two of section thirty-
four, in township twenty-five, north, of range one east, in
the district of lands subject to sale at Olympia, Washington
Territory." The patent was issued under the act of Con-
gress of April 24, 1820, entitled "An act making further
provision for the sale of the public lands," the entry at the
local land office being what is commonly known as a cash en-
try. On November 27, 1872, Sackman conveyed the land,
with other lands, to his son Joseph W. Sackman, who has
held the legal title thereto and paid the taxes thereon from
thence up to the present time. Daniel J. Sackman lived some

[1]Reported in 120 Pac. 84.

seventeen years after making the deed, dying on May 30, 1889.

On April 29, 1893, the present action was begun by William Chico, Mrs. Long Thomas, Louisa Nelson, Mary Steve Wilson, and Old Sigo, against Joseph W. Sackman, to recover lot 5 in section 32, and lot 1 in section 33 of the lands above described, on· the ground that Daniel J. Sackman had purchased the same from the United States for their use and benefit, and with money furnished him by certain of them and the predecessors in interest of the others for that purpose. Issue was joined on the complaint, and a large number of depositions taken. The action was then allowed to slumber until the year 1910, when it was revived and brought on for further proceeding. In the meantime all of the original plaintiffs had died, and the action is now represented by their personal representatives. The action was brought on for trial on November 30, 1910, and resulted in a dismissal of the same for want of equity on December 1, 1910. This appeal followed.

The claimants of the land were Indians of the full blood. Daniel J. Sackman was a white man who married a relative of the Indian claimants, or at least a woman from the general family to which they belonged. The testimony to support the claim of the appellants rests entirely in parol, and consists of the evidence of the claimants themselves and certain admissions made by Daniel J. Sackman during. his lifetime concerning the ownership of the property. The claimants testify that the property in question was their old time home; that they desired to purchase it from the United States, and to that end gave Daniel J. Sackman the necessary money to pay the government price therefor at a' time when he was starting to Olympia to purchase certain lands on his own account; that Sackman took the money and purchased the land, but took title in his own name under an agreement to convey it to the claimants at such time as they should desire him to do so. There is some evidence to the effect that he

subsequently executed a deed purporting to convey the property to them, but discovering that he had already deeded the property to his son, did not deliver it, but sought to have the son convey it over. On the other side, much of this evidence is contradicted by witnesses produced on the part of the respondent, and there are circumstances in the record which tend strongly to support the respondent's theory of the case. There was undoubtedly some dealings between Sackman and the Indian claimants concerning the land, but we think it was an effort on their part to purchase the land from him, rather than a purchase by him for them in the first instance.

To establish a resulting trust in land, the proofs must be clear, certain and conclusive. It should be so cogent as to leave no reasonable doubt in the mind of the trier of the fact. This evidence is not thus convincing, and considering the long lapse of time—nearly 50 years—since the transaction is thought to have occurred which gives rise to the cause of action, we think the evidence insufficient to support the claim.

We have not overlooked the appellants' claim of error concerning the exclusion of a certain deposition offered by the appellants. The deposition is in the record, and we have perused it with care. To our minds it is not sufficiently persuasive to change the result, even were it admissible, and as the case is triable *de novo* in this court, it is unnecessary that we pass upon its admissibility.

The judgment is affirmed.