**DAVIS, Trustee, v. LITTLEFIELD.**

No. 14423—Opinion Filed Nov. 20, 1923.

(Syllabus.)

1. **Appeal and Error—Review of Equity Case—Evidence.**

In an equitable action, the judgment of the trial court will not be set aside unless it is clearly against the weight of the evidence.

2. **Same—Fraudulent Conveyances.**

Record examined, and held, that the finding of the trial court that the transfer was made for a fair and adequate consideration is not clearly against the weight of the evidence.

Error from District Court, Le Flore County; E. F. Lester, Judge.

Action by Vince Davis, trustee in bankruptcy, against John Littlefield. Judgment for defendant, and plaintiff brings error. Affirmed.

Monk & McSherry, for plaintiff in error.

Varner & Taylor, for defendant in error.

McNEILL, J. This action was commenced in the district court of LeFlore county on June 7, 1922, by Vince Davis, trustee of the estate of R. A. Welch, bankrupt, against John Littlefield to set aside a conveyance executed December 9, 1921, by R. A. Welch, bankrupt, et al. to said John Littlefield.

R. A. Welch was the owner of approximately 375 acres of land in LeFlore county, his wife Lula Welch owned 160 acres, and his

son, James R. Welch, was the owner of approximately 200 acres, or a total of 730.59 acres, all adjacent. On October 8, 1920, Welch was indebted to the Commerce Trust Company of Kansas City in the sum of $50,000, and on said date obtained a farm loan from the Nelson Investment Company of $45,000 due in five years, and executed commission notes in the sum of $9,260, $1,160 due on June 1, 1921, $900 due December 1, 1921, and $900 due each six months thereafter, and executed a first mortgage on the 730 acres to secure the $45,000 and a second mortgage to secure the $9,260. $44,000 of this money was paid to the Commerce Trust Company on its $50,000 indebtedness. In November, 1920, R. A. Welch purchased from John Littlefield, the defendant in this action, 762 acres of land adjoining the Welch land above described, and 46 shares of stock in the Braden Mercantile Company of the value of $3,200. The total consideration was $118,000. $2,000 of which was paid, and the balance, $116,000 was evidenced by 20 promissory notes of $5,800 each, one payable each year thereafter, drawing six per cent. interest. The deed was executed and delivered by Littlefield and wife to Welch, and Welch and his wife and James R. Welch executed a first mortgage upon the land purchased, and a third mortgage upon the 730 acres above described belonging to the Welches. The mortgage on the Welch land was subject to the mortgages of $45,000 and $9,250 to the Nelson Investment Company. On September 10, 1920, Welch executed a note to the First National Bank of Ft. Smith for $22,000 payable February 4, 1921, and executed a mortgage on 320 acres of land in Latimer county, 160 acres belonging to Welch, and 160 acres belonging to his wife. Welch contracted to sell 160 acres of the land in Latimer county, which had been mortgaged to the First National Bank of Ft. Smith, and in order to secure a release of 160 acres of land covered by said mortgage, executed a note for $5,000, and secured this note by a mortgage on certain lands on which Littlefield held a mortgage, Littlefield agreeing with the bank that the bank's mortgage would be a prior lien to that of Littlefield. This $5,000 note did not increase the indebtedness of Welch, but being merely additional security on the $22,000 note. The proceeds of the sale of the land was credited on the note, leaving a balance due the Ft. Smith Bank of approximately $15,000, secured by 160 acres belonging to Welch's wife in Latimer county and on part of the Littlefield land.

In the fall of 1921, about the time the interest payments on the various notes were

coming due, the Welches, being unable to meet said payments, made arrangements with Littlefield whereby Littlefield agreed to repurchase the land he had sold to Welch, and on which no payments except the $2,-000, above referred to, had been made, and to purchase the land of R. A. Welch, Lula Welch, and James R. Welch, being 730 acres above referred to, and also 46 shares of stock in the Braden Mercantile Company. The consideration for said transfer was that Littlefield agreed to cancel the debt of $116,000 owed by Welch for the purchase of the land, and agreed to pay the Nelson Investment Company its notes and interest thereon, which at that time amounted to about $60,000, and assumed to pay the balance of the $22,000 note due to the First National Bank of Ft. Smith, Ark., which amounted to something over $15,000, which would discharge the lands in Latimer county belonging to Lula Welch from the mortgage to the First National Bank of Ft. Smith.

The plaintiff brings this action under the bankruptcy act, which, in substance, authorizes the trustee to bring suit to avoid any transfer by the bankrupt of his property which any creditor of said bankrupt might have avoided, and recover the property so transferred from the person to whom it had been transferred, unless the purchaser was a bona fide holder for value prior to the date of adjudication. The plaintiff under and by virtue of the bankruptcy act contends he has the same right as a creditor has, and by virtue of sections 5271 and 6020, Comp. Stat. 1921, bases this cause of action.

The plaintiff in error contends that the transfer from Welch to Littlefield was void for the following reasons: First, it was made without a fair and valuable consideration; second, it was made in bad faith; and third, it was made for the purpose of hindering, delaying and defrauding creditors. The trial court found the issues in favor of the defendant, and this appeal is to reverse that finding. This court in a long line of decisions has held in an equity case the judgment of the trial court will not be reversed on appeal unless the finding of the trial court is clearly against the weight of the evidence.

R. A. Welch was the only person adjudicated a bankrupt, and the trustee is only interested in the question of whether Welch's property was transferred without a fair consideration, in bad faith and made to hinder and delay creditors. Of course, in considering this question, it is necessary to consider the land owned by the other Welches as the indebtedness was a joint obligation.

In 1920, we find R. A. Welch owning 374.36 acres of land in LeFlore county, R. A. Welch's wife owning 160 acres, and his son, James R. Welch, owning approximately 200 acres. This land was mortgaged to the Nelson Investment Company for $54,-250. Welch and his wife also owned 160 acres each in Latimer county, and Welch executed a note of $22,000 to the First National Bank of Ft. Smith, Ark., and gave a mortgage to secure the same on his 160 acres and the 160 acres belonging to his wife. This makes an indebtedness of approximately $77,000 upon the real estate of the Welches. If we leave out of consideration the fact Welch had purchased the Littlefield land and gave a first mortgage upon the land purchased and a third mortgage upon the 730 acres in the sum of $116,-000, we have substantially the following facts: When Littlefield purchased this 730 acres, the indebtedness to the Nelson Investment Company was approximately $60,000, about $5,000 of which was due. Lit-all liens upon the 730 acres of land. Littlefield paid something over $15,000 to the First National Bank of Ft. Smith, owed by Welch and secured by 160 acres of his wife's land, making the consideration about $75,000, something over $20,000 of which had been paid prior to filing this suit, and $55,000 still a lien on the land. If we should treat the land of Welch's wife and that of his son as belonging to Welch, can it be said the $15,000 was not a fair and reasonable consideration for the land? The evidence regarding the value of the 730 acres belonging to Welch transferred to Littlefield is conflicting. The plaintiff produced two witnesses; one estimated the value of the land at $200 per acre and the other one at $150 per acre. Three witnesses testified for the defendant, and they fixed the value of the land from $50 to $100 per acre. Mr. Nelson in describing the 730 acres of land testified there was not 730 acres, because 73 acres should be stricken because it is all in the river and practically all gone, and 40 acres in the northeast corner that was of no value, and 30 acres was in the lake, and the other is hill-side, but approximately 500 acres was good bottom land.

Welch owns approximately 370 acres of land, his wife approximately 160 acres, his son approximately 200 acres, incumbered with a first mortgage of $45,000 due in four years, a second mortgage of $9,260, evidenced by several notes due different years, and interest due or practically due of over $5,000. This land is sold in a body

subject to a mortgage and interest due which is approximately $60,000. A payment of practically $15,000 in cash is made which releases a mortgage upon the land of the wife of Welch in another county and about $5,000 interest. About six months after this transaction, Welch himself is declared a bankrupt. The trustee seeks to set aside the conveyance for the reason the consideration was inadequate and made to hinder and delay creditors. The trial court found for the defendant. The testimony regarding the value of the land is conflicting, running from $50 or $60 per acre to $200 per acre. If the trial court found the land to be worth $100 an acre, the consideration was fair and adequate, not only for Welch's land, but for that of his wife and son. Under this state of facts, it cannot be said the finding of the trial court that the consideration was fair and adequate is clearly against the weight of the evidence, and the facts above eliminate from consideration any consideration of the $116,000 notes executed by Welch to Littlefield.

For the reasons stated, the judgment of the court is affirmed.

NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.