### KENOLY et al. v. HANCOCK et al.

No. 11492—Opinion Filed Nov. 27, 1923.

(Syllabus.)

**1. Indians — Minors — Removal of Restrictions on Land—Statute.**

The exception as to minors in Act Cong. April 21, 1904, applies to allotments of minor citizen allottees not of Indian blood, selected by them and for them as such, but does not apply to allotments allotted to them as heirs or inherited by them. Kenoly et al. v. Hawley et al., 84 Okla. 120, 202 Pac. 494.

**2. Same—Probate Courts—Jurisdiction of Unrestricted Estates of Minors.**

The county courts of Oklahoma, sitting in probate subsequent to the admission of Oklahoma as a state into the Union, were vested with jurisdiction by decree to authorize the sale of unrestricted lands inherited by Indian minors, and where such sale was properly made, passed a valid title to such land to the purchaser at such sale.

**3. Affirmance of Judgment.**

Record examined, and held, that the judgment of the trial court sustaining a demurrer to the plaintiffs' petition attacking such probate sale be affirmed.

Error from District Court, Okmulgee County; Fred M. Carter, Special Judge.

Action by Isabel Kenoly, nee Monday, et al. against Clinton J. Hancock et al. to quiet title, for possession and; damages. Judgment for defendants on demurrer to the plaintiffs' petition. Plaintiffs bring error. Affirmed.

Charles A. Denton, C. B. McCrory, and James M. Hays, for plaintiffs in error.

Belford & Hiatt, for defendants in error. Twichell & Myers, J. A. Twichell, Cornelia Myers, Executrix, and Commonwealth Trust Company.

Geo. S. Ramsey, Edgar A. DeMeules, Malcolm E. Rosser, and Villard Martin, for other defendants in error.

KENNAMER, J. The plaintiffs, Isabel Kenoly, nee Monday, et al., instituted this action in the district court of Okmulgee county against Clinton J. Hancock et al., defendants, to quiet title in and to lands allotted to Mary Adams as a Creek freedman citizen of the Creek Nation, for possession and damages for the wrongful de-

tention of said lands. The defendants filed a general demurrer to the amended petition of the plaintiffs, which was by the trial court on December 9, 1919, sustained, and the plaintiffs having declined to plead further, the court entered judgment dismissing the plaintiffs' cause of action. Plaintiffs have prosecuted this appeal to reverse the judgment of the trial court sustaining the demurrer and dismissing their action, and by proper assignment of error raised the question of whether the trial court committed error in sustaining the demurrer.

The material facts to be considered, necessary for determination of the question involved, as pleaded in the amended petition, may be briefly stated as follows: Mary Adams died intestate in what is now Okmulgee county, Okla., on the 3rd day of July, 1902, and left surviving her Ben Adams, her husband, Isabel Kenoly, nee Monday, Ada Mackey and James Adams, minor children, all enrolled freedmen of the Creek Nation.

On the date of the death of Mary Adams she was seized of an allotment of land, for which patent to said allotment was issued on the 23rd day of April, 1904, and approved by the Secretary of the Interior on May 23, 1904.

On the 23rd day of May, 1908, the legal guardian of the minor heirs obtained an order of the county court of Okmulgee county authorizing said guardian to sell the interest of said minors in the allotment. Pursuant to said order a sale was made and confirmed by said court on July 16, 1908, and a guardian's deed executed conveying said lands to the grantors of the defendants in this action.

It was alleged by the plaintiffs that the minor heirs inherited the whole of said allotment to the exclusion of Ben Adams, the husband of the deceased allottee, and that the lands were restricted under the act of Congress of April 21, 1904, and not subject to alienation by a probate sale. That said lands could only be alienated under exclusive jurisdiction of the Congress of the United States as the guardian of said minor heirs, and for that reason the sale by the guardian under the jurisdiction of the probate court of Okmulgee county was void.

Counsel for the plaintiffs contend that under section 16, Supplemental Creek Agreement, act of Congress, June 30, 1902, and by the act of Congress of April 21, 1904, the lands in controversy inherited by the minor children of the deceased allottee were restricted lands on the date of the sale made through the probate court of Okmulgee county, and cite the following provisions:

"Lands allotted to citizens shall not in any manner whatever or at any time be encumbered, taken, or sold to secure or satisfy any debt or obligation nor be alienated by the allottee or his heirs before the expiration of five years from the date of the approval of this Supplemental Agreement, except with the approval of the Secretary of the Interior." (Section 16, Supplemental Creek Agreement, act of Congress, June 30, 1902.)

"And all the restrictions upon the alienation of lands of all allottees of either of the Five Civilized Tribes of Indians who are not of Indian blood, except minors, are, except as to homesteads, hereby removed, and all restrictions upon the alienation of all other allottees of said tribes, except minors, and except as to homesteads, may, with the approval of the Secretary of the Interior, be removed. * * *" (Act of Congress, April 21, 1904.)

The record discloses that on the date of the probate sale the five years period from date of patent had expired; therefore if any restriction existed on the lands, it must be found in the provisions of the act of Congress of April 21, 1904. This court, in the case of Kenoly et al. v. Hawley et al., 84 Okla. 120, 202 Pac. 494, held that the provisions of the proviso of said act were only applicable to the individual allotments of minor allottees, and not to lands inherited by them from a deceased member of the tribe. The fifth paragraph of the syllabus reads:

"The exception as to minors in Act Cong. April 21, 1904, applies to allotments of minor citizen allottees not of Indian blood, selected by them and for them as such, but does not apply to allotments allotted to them as heirs or inherited by them."

This case is controlling and decides the question presented adversely to the contention made by counsel for the plaintiffs.

In the case of Burtschi et al. v. Wolfe et al., 82 Okla. 27, 198 Pac. 306, this court construed the act of Congress of April 28, 1904, 33 Stats. at L. 573, wherein it was provided:

"All the laws of Arkansas heretofore put in force in the Indian Territory are hereby continued and extended in their operation, so as to embrace all persons and estates in said territory, whether Indian, freedmen, or otherwise, and full and complete jurisdiction is hereby conferred upon the district courts in said territory in the settlements of all estates of decedents, the guardianships of minors and incompetents,

whether Indians, freedmen, or otherwise." (Section 2.)

—and held that the unrestricted land of an Indian minor heir was subject to the probate jurisdiction of the courts of Oklahoma and that a sale made pursuant to the applicable probate statutes of the laws of Arkansas extended over the Indian Territory prior to statehood and of the Oklahoma statutes subsequent to statehood was authorized and valid.

We, therefore, conclude, under the rule announced in these cases, that the trial court committed no error in sustaining the demurrer to plaintiffs' petition, and that the judgment be affirmed.

JOHNSON, C. J., and KANE, BRANSON, and HARRISON, JJ., concur.