## BILLINGS v. EAGLE PRINTING & PUB. CO.

No. 14445—Opinion Filed Dec. 4, 1923.

(Syllabus.)

1. **Appeal and Error — Review—Questions of Fact—Findings.**

In an action at law, where a jury is waived and the cause is tried to the court, the findings of the court will be accorded the same weight and consideration as the verdict of the jury, and where there is evidence reasonably tending to support the findings of the trial court, its judgment will not be disturbed on appeal.

2. **Same—Affirmance of Judgment on Account.**

Record examined, and held, that the evidence is sufficient to support the findings of the trial court.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by the Eagle Printing & Publishing Company against Walter Billings and E. M. Billings. Judgment for the plaintiff, and the defendant E. M. Billings brings error. Affirmed.

Curran & Kruse, for plaintiff in error.

Simon, McKnight & Simon, for defendant in error.

NICHOLSON, J. This case is akin to the case of E. M. Billings, Plaintiff in Error, v. News Publishing Company of Enid, Defendant in Error, No. 14444, decided this day, and all the evidence in that case was submitted as the evidence in this case under the following stipulation:

"It is admitted by the parties hereto that the account against the Billings Theatre and American Theatre due the Eagle Printing & Publishing Company, the plaintiff, is the sum of $550.86, leaving, however, for the decision of the court the question on the facts as to whether the defendant E. M. Billings is liable therefor.

"It is stipulated and agreed by and between the plaintiff herein and the defendant Mrs. E. M. Billings that the testimony offered in case No. 5311, News Publishing Company of Enid, a corporation, Plaintiff, v. E. M. Billings and Walter S. Billings, Defendants, may be offered and received as the testimony in this case, and that the deposition of W. S. Billings taken and filed in this case be offered in evidence herein and marked Exhibit 'I.'"

In addition to the testimony of E. C. Dunlap, referred to in cause No. 14444, W. D.

Frantz, a representative of the Eagle Printing & Publishing Company, testified that he had a conversation with Mrs. Billings, a short time after suit had been filed on both accounts, in which she said that she wanted to pay the accounts of the American Theatre, but that she wanted the other account to go to judgment, as that was the only way in which she could get her money out of Walter's estate; that if she paid it out of her own funds, she would lose it.

Mrs. Billings, testifying in regard to this conversation, said:

"Yes, that was about as Mr. Frantz stated. it, except that I really don't know that I told Mr. Frantz, but the reason I wanted to pay that American, that I expected that we might operate it at that time the theatre was closed and that if we operated it ourselves, opened it up ourselves and operated that we probably would want to do some advertising and we wanted to be friendly, and for that reason I was going to pay that. Now whether I told that to Mr. Frantz or whether I just had it in mind, I don't know, but it was my reason for paying it. Otherwise, I don't think I would have paid it."

What we have said in the News Publishing Company Case, supra, is in all respects applicable to this case, and on the authority of that case, the judgment herein is affirmed.

JOHNSON, C. J., and KENNAMER, COCHRAN, BRANSON, and HARRISON, JJ., concur.