WOOD, nee LOWRY, v. WOOD et al.

No. 12368—Opinion Filed Dec. 4, 1923.

1. Appeal and Error—Review—Questions of Fact.

In a law action where a jury is waived and the cause tried to the court, and where the evidence reasonably tends to support the judgment of the trial court, the Supreme Court will not substitute its judgment for that of the trial court, and the determination of questions of fact will not be disturbed on appeal.

2. Same—Affirmance.

Record examined, and held, that the judgment of the trial court is reasonably supported by the evidence.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Hughes County, John L. Coffman, Judge.

Action by Lucy Wood, nee Lowry, against John Wood et al. Judgment for defendants, and plaintiff appeals. Affirmed.

A. S. Norvell and E. L. Harris, for plaintiff in error.

Anglin & Stevenson and J. L. Skinner, for defendants in error.

Opinion by FOSTER, C. This action was commenced in the district court of Hughes county, Okla., by plaintiff in error, Lucy Wood, nee Lowry, plaintiff below, against John Wood, R. E. Holmes' Sons, a partnership, and the Carter Oil Company, a corporation, defendants in error, defendants below, to recover a tract of land located in Hughes county, Okla. and for the sum of $4,800, rents and profits accruing from said land during a period of six years prior to the institution of the action. The parties will be hereinafter referred to as they appeared in the court below.

The cause proceeded to trial before the court without the intervention of a jury, and resulted in a general finding and judgment in favor of the defendants. A stipulation was entered into in the trial court whereby all questions at issue under the pleadings were eliminated except the following:

First. What court had jurisdiction of the settlement of the estate of Amos Lowry, deceased?

Second. What is the reasonable rental value of the lands in controvery?

The land in controversy was the allotment of Amos Lowry, deceased, a full-blood Creek Indian, who had died in infancy in the year 1906, leaving surviving as his sole heir at law, his mother, Lucy Lowry, now Lucy Wood, who executed a deed in October, 1909, to Nat Williams, which was approved by the county court of Hughes county, pursuant to the provisions of the act of Congress of May 27, 1909, conveying her inherited interest in said land, and by successive conveyances, the land was finally transferred to the defendant, John Wood. The Carter Oil Company had obtained an oil and gas lease, and R. E. Holmes' Sons a mortgage from some of the intervening owners.

The trial court found that Amos Lowry was a resident of what is now Hughes county, Okla., at the time of his death and that the county court of Hughes county was the court having jurisdiction of the settlement of his estate from which it found as a conclusion of law that the deed executed by Lucy Lowry to Nat Williams was valid, and that the plaintiff should take nothing by her petition.

From the judgment so rendered, the plaintiff brings the cause regularly on appeal to this court.

Counsel for both sides agree in their respective briefs that the only question presented for determination is as follows:

Did the evidence reasonably tend to support the judgment of the trial court that the county court of Hughes county was the court having jurisdiction of the settlement of the estate of Amos Lowry, deceased?

Or, to state the question another way: Did the evidence reasonably tend to support the finding of the trial court that Amos Lowry was a resident of what is now Hughes county, Okla., at the time of his death in 1906?

It is contended by the plaintiff that Lucy Lowry married John Lowry, a Seminole Indian, several years prior to 1906, and resided for a while after their marriage with a sister of John Lowry, and afterwards upon the allotment of John Lowry in what is now Seminole county; that several children were born to Lucy and John Lowry while they lived in what is now Seminole county, among them being a daughter named Lucy, and a son named Amos; that during this time, John Lowry was engaged in farming upon his allotment and maintained his home there, and that in the summer of 1906, when Amos Lowry was about one year old, visited the annual banquet or stomp dance of the Creek Indians, held near Yeager, in Hughes county, Okla.; that while there attending this banquet or annual feast of the Creeks, the child Amos died and was bur-

ied near the home of a Creek Indian by the name of Linda, where John and Lucy Lowry were stopping; that soon after the child's death, they returned to their former home in Seminole county and lived there continuously until the death of John Lowry, which occurred some years afterwards.

That on the occasion of the trip of John and Lucy Lowry to the annual banquet mentioned, they came overland in a wagon and left their household effects and livestock in the care of another person pending their return, and that the child died while they were temporarily away from home.

It is contended on the other hand by the defendants that on the date of the death of Amos Lowry in August, 1906, John and Lucy Lowry had separated, and that Lucy Lowry and the child Amos had established a separate residence in Hughes county, Okla., at the home of an Indian by the name of Canugy Lowe, and that afterwards John and Lucy Lowry reunited and lived a while at the home of Canugy Lowe near Yeager, in Hughes county, and that although they later returned to Seminole county, it was while they were living in Hughes county that the child Amos died.

While the evidence to support defendants' theory was not of a very clear and positive character, still it did tend to show that for a while, at least, John and Lucy Lowry maintained a residence in Hughes county.

The witness John Jacobs testified that both Lucy and John Lowry, about the time of the death of the child Amos, came to him and attempted to rent a house in Holdenville, saying that they were crowded out at Canugy Lowe's and by their language and conduct indicated that they considered Hughes county their home.

It must be borne in mind that the trial court heard the testimony of the various witnesses, observed their demeanor upon the stand, and in weighing the testimony could, and, no doubt, did give due and proper consideration to these matters.

The question of the place of residence of Amos Lowry at the time of his death was a question of fact to be decided by the trial court in the light of all the circumstances and the reasonable inferences to be drawn therefrom, and if there is testimony reasonably tending to support the judgment of the trial court, the Supreme Court will not substitute its judgment for that of the trial court, and the determination of questions of fact will not be disturbed on appeal. Page v. Roddie et al., 92 Okla. 236, 218 Pac.

1092; Shenners v. Adams, 46 Okla. 368, 148 Pac. 1023.

It follows that the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.