### BARNES et al. v. MORRIS et al.

No. 13923—Opinion Filed Oct. 28, 1924.

Rehearing Denied Dec. 16, 1924.

**1. Trusts—Constructive Trust—Burden of Proof to Establish.**

A constructive trust may be established by parol evidence, but the law for the safety of titles requires that the proof should be of the most satisfactory and trustworthy kind. The onus of establishing a constructive trust rests upon him who seeks its enforcement, and, before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive.

**2. Same—Conveyance from Husband to Wife—Presumption of Gift.**

Where the owner of the land conveys to H. without consideration, and H. conveys to M., the wife of owner, the rule relative to a resulting trust in favor of the original own-

er does not apply where M. is the wife of such original owner, but it will be presumed, in the absence of circumstances showing a contrary intention, that the conveyance to the wife was intended as a gift, settlement, or advancement to the wife and not as a resulting trust.

**3. Husband and Wife—Conveyance as Gift to Wife—Validity.**

A husband has the right to convey land to his wife, or have it conveyed to her as a gift outright, and in the absence of fraud or interests of creditors, the presumption of law is in favor of such conveyance.

**4. Same—After-Acquired Interests Merged in Title of Wife.**

Where J. M., the husband, conveys lands to H., and H. in turn conveys the lands to A. M., the wife of J. M., with full knowledge by J. M., of such conveyence, and the wife holds title to such lands for a period of years, and the husband purchased the interests of all the plaintiffs, the interests so purchased became merged in the title of the wife, and the deed from H. to the wife vests the title in the wife, indefeasible as against any claims by the plaintiffs.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Minnie Barnes et al., against Anna Morris et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

Embry & Johnson, for plaintiffs in error.

Jarrett & Speakman, for defendants in error.

Opinion by RUTH, C. The plaintiffs in error, as plaintiffs below, filed their petition against the defendants, in which they allege they are the heirs at law of J. H. Morris, who died intestate on February 24, 1921, leaving a widow, Anna Morris, who was duly appointed the administratrix of the estate, and that defendants Rollin N. and Mabel Morris are infants, and are in the custody of defendant Anna Morris. That at the time of his death the intestate was the owner and in possession of the following real property, to wit: N. ½ of S. E. ¼ of sec. 7, twp. 15 N., R. 5 E.-I. M., containing 80 acres, also S. ½ of the S. ½, N. E. ¼, sec. 18, twp. 15 N., R. 5 E.-I. M., containing 40 acres. That intestate derived title to the 80 acres from the United States government by patent, and derived title to the 40 acres from Howard E. Fortner by warranty deed. That on March 13, 1907, fearing certain designing persons would conspire to cloud his title, John H. Morris conveyed the lands by warranty deed to his friend, James

J. Hendon, that while the consideration mentioned in the deed to Hendon was expressed in the sum of $1,500, no consideration ever passed from Hendon to Morris, and Hendon never at any time asserted or claimed any interest in and to the lands. That on December 2, 1911, Hendon transferred the lands by warranty deed to Anna Morris, and while the deed expressed a consideration of $1,500, no consideration passed, and Anna Morris never claimed an interest in the lands until after the death of John H. Morris.

Plaintiffs further allege they, for a nominal consideration, conveyed their interests in the land to their father, John H. Morris, with the understanding and agreement that Anna Morris would at some convenient time convey the lands to the intestate, but she has failed so to convey, and now claims fee simple title to the lands, and defendant Jess Morris joins Anna Morris in her claim of absolute title, and plaintiffs pray the deed from Hendon to Anna Morris be reformed, and the lands described be declared by the court to be property held by Anna Morris in trust for the use and benefit of the estate of John H. Morris, deceased, and that Anna Morris be required to account to the estate for the whole of the said real estate, and rents, issues, and profits thereof since the death of the said John H. Morris. Upon motion there was appointed a guardian ad litem for the minor children, Rollin N. and Mabel Morris.

Demurrer to the petition was duly filed and overruled.

Defendant filed her answer consisting of a general denial, and further alleges the lands were conveyed to her absolutely and unconditionally, and in fee simple, and she is the owner thereof; that she has never abandoned her homestead right in the 80 acres; that at the time of the death of John H. Morris he and his family occupied the same and resided thereon, and she has continuously resided thereon with her minor children, and claims her homestead rights in the lands.

The defendant Jess Morris answers by general denial.

Roscoe Cox, the guardian ad litem, answered for Rollin N. Morris and joins in the petition of the plaintiff, and the guardian, Cox, answering for the minor, Mabel Morris, joins in the answer of the mother, Anna Morris. Upon hearing had the court found that Minnie Barnes, Thora Seran, Harry Morris, May Ritter, Jess Morris, and Rollin N. Morris, a minor, were children of John H. Morris by his first wife, and Mabel Morris, a minor, was the child of John H. Morris by his second wife, Anna Morris, that the lands were conveyed by John H. Morris to James J. Hendon without consideration; that John H. Morris caused the said Hendon to convey the lands to Anna Morris, the wife of John H. Morris, and that the conveyance was intended as a gift on the part of John H. Morris to his wife, Anna Morris, and quieted title in Anna Morris, to the exclusion of all plaintiffs and other defendants, and from the judgment of the trial court plaintiffs Minnie Barnes, Thora Seran, Harry Morris, and May Ritter appeal, and bring this cause here regularly for review.

Plaintiffs filed their briefs wherein they set forth the petition, portions of the evidence, the motion for a new trial, and the journal entry of judgment, and then proceed to argument thereon, without specifying the errors complained of, contenting themselves with directing this court's attention to "the first two alleged errors in our motion for a new trial, to wit: Errors of law occurring at the trial and excepted to by plaintiffs; the decision is not sustained by sufficient evidence and is contrary to law."

Rule 26 of the rules of the Supreme Court provides:

"The brief shall contain the specifications of errors complained of separately set forth and numbered; the argument and authorities in support of each point relied on, in the same order, with strict observance of Rule 7."

"In cases appealed to the Supreme Court wherein it is asked that the action of the trial court be reversed for insufficiency of the evidence, and to review alleged error of the trial court for wrongful findings from the evidence, it is necessary for the appellant to comply with rule No. 26 of the Supreme Court (87 Okla. xxiii, 165 Pac. ix) in preparation of brief; otherwise the assignment not so supported may, in the discretion of the court, be ignored." Collins v. Way, 88 Okla. 143 211 Pac. 1038.

While the brief filed by the plaintiffs is not in strict compliance with the rule, the court has elected to treat the same as a substantial compliance, and has carefully examined the record as it may in its discretion do, in the furtherance of justice, under the rules of this court.

The evidence discloses that Minnie Barnes, Thora Seran, Harry Morris, and May Ritter, plaintiffs herein, and the only appellants in this case, are children of John H. Morris and Julia Morris; that Julia Morris died in 1905. That John H. Morris was the

owner of the lands described in the plaintiffs' petition, deriving title as in plaintiff's petition set forth. On March 13, 1907, John H. Morris conveyed the land by warranty deed to James J. Hendon.

Thereafter John H. Morris married the defendant Anna Morris, and on December 2, 1911, after the child, Mabel Morris, was born of this marriage, James J. Hendon conveyed the lands by warranty deed to Anna Morris, that there was no consideration for either of the deeds, that John H. Morris and his wife lived on the land, and after the deed was executed to Anna Morris, the tax receipts were made in the name of Anna Morris, and in one instance in the name of J. H. Morris and Anna Morris, jointly.

The evidence further discloses the plaintiffs conveyed, as "heirs at law," all their interests in the lands to John H. Morris, for valuable considerations, and the deeds conveying the interests bear different dates.

The plaintiffs testified that when they signed the deeds conveying their interests to the father, the defendant Anna Morris promised and agreed to reconvey the lands to John H. Morris and to the plaintiffs.

There was a sharp conflict in the testimony on this point, the defendant denying any such agreement, and while the plaintiffs testify they were all present when such promise was made, the evidence discloses they were not present, and the deeds bear different dates. It further appears John H. Morris told disinterested witnesses he had bought out his childrens interests for a consideration of from $200 to $300 each, and had "fixed" the property so his wife, Anna Morris, would have a home and not be turned out after his death, and that he was having trouble with his children.

A jury being specially waived, the cause was tried to the court, and after hearing all the evidence, the court found for the defendant Anna Morris, that the lands were conveyed to Anna Morris in fee-simple absolute, and were intended as a gift to Anna Morris, and belonged to her absolutely, and quieted the title and possession thereto in Anna Morris, as against all claims or demands of the plaintiffs.

Plaintiffs contend a constructive trust was created and defendant held the property as trustee. With this contention we cannot agree and it is not supported by the evidence.

"A constructive trust may be established by parol evidence, but the law for the safety of titles requires that the proof should be of the most satisfactory and trustworthy kind. The onus of establishing a constructive trust rests upon him who seeks its enforcement, and, before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal and decisive." Hayden et al. v. Dannenberg, 42 Okla. 776, 143 Pac. 859.

The rule is stated in Pomeroy's Equity Jur. (3rd Ed.) sec. 1059, as follows:

"The existence of a constructive trust as of a resulting one, must be proved by clear, unequivocal evidence."

In Bradley v. Bradley, 119 Mo. 58, 24 S. W. 757, it is said that:

The evidence should be "so clear, definite and probative as to leave no ground for reasonable doubt."

To the same effect are Jennings v. Shackett, 30 Gratt. (Va.) 765; Moorman v. Arthur, 90 Va. 455, 18 S. E. 869; Mannix v. Purcell, 46 Ohio St. 102, 19 N. E. 572; Bell v. Edwards, 78 S. C. 490, 59 S. E. 535; Logan v. Johnson, 72 Miss. 185, 16 South. 231; Hilton v. Cunningham, 28 Ind. App. 295, 62 N. E. 644; Carter v. Carter, 14 N. D. 66, 103 N. W. 425; Mason v. Harkins, 82 Ark. 569, 102 S. W. 228; Gilbert Brothers and Company v. Lawrence Brothers, 56 W. Va. 281, 49 S. E. 155; Columbia National Bank v. Baldwin, 64 Neb. 732, 90 N. W. 890; Snider v. Johnson, 25 Ore. 328, 35 Pac. 846; Chambers v. Emery, 13 Utah, 374, 45 Pac. 192; Metcalf et al. v. Sackman, 66 Wash. 580, 120 Pac. 84; Gignon v. First National Bank, 22 Mont. 140, 55 Pac. 1051; Crissman v. Crissman, 23 Mich. 17; Perry on Trusts, sec. 137-226; 13 Enc. of Ev. sec. 146-155.

The evidence in the instant case falls far short of the requirements of the rule announced. Here we find from the evidence John H. Morris conveyed his lands to Hendon in 1907, and in 1911 Hendon conveyed to Anna Morris, who was the wife of John H. Morris. In 1916, or five years after the transfer to Anna Morris, and with full knowledge of the fact that title was vested in her, the plaintiffs conveyed away their interests in the lands for considerations ranging from $200 to $300, and that John H. Morris had told witnesses he was having trouble with his children, and bought them out so his wife could be assured of a living in the event of his death. Clearly he had a right to purchase the interests of the plaintiffs and have the property conveyed to the wife, and his acts in so doing raise no presumption of a constructive or resulting trust.

The true rule is laid down in 39 Cyc. 136, as follows:

"The rule relative to a resulting trust in favor of the person paying the purchase money for property conveyed to another, does not apply where the conveyance is made to the wife of the person paying the money; but, in such a case, it will be presumed, in the absence of circumstances showing a contrary intention, that the conveyance was intended as a gift, settlement, or advancement to the wife, and not as a resulting trust to the husband."

In Wendenhall v. Walters, 53 Okla. 598, 157 Pac. 732, this court held:

"Where a husband purchases land, paying therefor with his own funds and causes the conveyance to be made jointly to himself and wife, the law presumes that the interest conveyed to the wife was intended as an advancement or gift, and in the absence of evidence to the contrary, no resulting trust exists therein in favor of the husband."

Plaintiffs' contention that as a trust was created when John H. Morris conveyed to Hendon, the trust followed the property, and Morris could not cause it to be conveyed to his wife in fee simple, is without merit, and is unsupported by any authority. The general rule is stated in 21 Cyc. p. 1248, as follows:

"By means, however, of a third person as a medium, a husband may, even at common law, make a conveyance indirectly to his wife, by making an absolute conveyance to a third person, who in turn conveys to the wife. This will result in passing the legal estate to the wife."

In Kent et al. v. Tallent et al., 75 Okla. 185, 183 Pac. 422, this court held:

"A husband has the right to convey land to his wife or to have it conveyed to her either as a gift outright, or in payment of a debt owed to her, and in the absence of fraud or interests of creditors, the presumption of law is in favor of such conveyance. * * * And where a husband is entitled to a reconveyance of the title to land, and expresses a desire to the reconveyancor that the deed of reconveyance be made to his wife, and in compliance with his desire and at his special request such deed is made to his wife, she thereby acquires title to the land."

The plaintiffs in the instant case, having full knowledge of the conveyance of the land to the defendant, and at a period of five years thereafter having conveyed their interests for a valuable consideration, and for a further period of five years, and until after the death of the father, making no claim of any interest in the land, cannot now be heard to say that a resulting trust was created in their favor by the conveyance from Hendon to the defendant Anna Morris, basing their claim upon an alleged promise of Anna Morris to reconvey the lands to the plaintiff, where the evidence as to the verbal promise is conflicting, and is determined by the court adversely to the plaintiffs.

The cause having been tried to the court, and judgment rendered after full hearing of all the evidence, and the evidence on the question of the plaintiffs promise to reconvey being conflicting, this court will not weigh the evidence to determine the preponderance thereof, and the finding of the court upon the disputed question of fact will be given the same weight and effect as the verdict of a jury, and, where reasonably supported by the evidence, will not be disturbed on appeal (Smith v. Lindsay, 91 Okla. 8, 215 Pac. 791), and where the finding of the court is general such finding is a finding of each specific thing necessary to sustain the general finding, and where such finding is not clearly against the weight of the evidence, the judgment will be affirmed. Watashe v. Tiger, 88 Okla. 77, 211 Pac. 415; Denison v. Phipps, 87 Okla. 299, 211 Pac. 83; Mott v. Nelson, 96 Okla. 117, 220 Pac. 617; Sinclair Refining Co. v. Keith, 97 Okla. 55, 221 Pac. 1003; Wood v. Wood, 94 Okla. 86, 221 Pac. 24; Billings v. News Publishing Co., 96 Okla. 167, 221 Pac. 12; Billings v. Eagle Print & Pub. Co., 96 Okla. 168, 221 Pac. 13; Cooper v. Long, 93 Okla. 239, 220 Pac. 610.

The same rule applies in cases of purely equitable cognizance, and where the findings and judgment of the trial court are not clearly against the weight of the evidence, the same will not be disturbed on appeal. Flowers v. Flowers, 94 Okla. 134, 221 Pac. 483; Foster v. Whitenton, 96 Okla. 187, 221 Pac. 52; Wright v. Anstine, 96 Okla. 162, 220 Pac. 928; Byers v. Burton, 93 Okla. 211, 220 Pac. 476; Davis v. Littlefield, 96 Okla. 130, 220 Pac. 830; Bobier v. Horn, 95 Okla. 8, 222 Pac. 238.

For the reasons herein stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.