PARSONS, et al. v. CRAWFORD et ux.

No. 30937. Feb. 8, 1944.

*145 P. 2d 932.*

Owen F. Renegar, of Oklahoma City, for plaintiffs in error.

Blanton, Curtis & Blanton, of Pauls Valley, for defendants in error.

RILEY, J. This action was commenced by plaintiffs in error, herein referred to as plaintiffs, in the district court of Garvin county, against defendants in error, as defendants below. Plaintiffs sought a decree declaring that defendants hold certain real and personal property located in said county in trust for the benefit of plaintiffs.

The amended petition alleges that defendant Vera Crawford is the present wife of defendant J. H. Crawford, and that defendants hold certain real property containing 1,925 acres, more or less, and personal property thereon, in their name, and that all of said property belongs to plaintiffs, the children of Lou P. Crawford, who departed this life in 1903; that prior to the death of said Lou P. Crawford, a divorce was

granted to her from defendant J. H. Crawford, and that her part of their jointly acquired property was awarded to her, which included the homestead in Oklahoma county and all stock thereon, and that from the sale thereof there was bought three pieces of property in Pauls Valley, then in Indian Territory, and that there was $1,000 or more remainder; that on the death of Lou P. Crawford in 1903, J. H. Crawford took over the money and property belonging to said Lou P. Crawford and bought the property described in the petition, and has carried the same in his name ever since, and that in truth and in fact said property is the property of these plaintiffs; that their father, J. H. Crawford, always led plaintiffs to believe that their interests were properly invested and conserved, and that by reason of the relationship (father and children) plaintiffs had implicit faith and confidence in defendant J. H. Crawford and had no reason to question the same, but that just prior to the filing of this suit they learned that title to said property was in defendant J. H. Crawford, without any declaration of trust to protect plaintiffs; that they had just discovered that defendants had schemed together to defraud plaintiffs of their interests by converting said property into cash so that the same could not be reached by plaintiffs. There was no description of the personal property claimed.

Defendants demurred to the amended petition, but before any ruling thereon they answered by general denial except as to certain specific admissions; they admitted that plaintiffs are the children of the marriage of defendant J. H. Crawford and Lou P. Crawford; that defendant Vera Crawford is the present wife of J. H. Crawford; that they hold the real estate described in plaintiffs' amended petition; they admit that Lou P. Crawford died in 1903, and that a home in Oklahoma county, together with about 17 head of livestock, was awarded to Lou P. Crawford in a divorce proceeding in 1900, but particularly denied that any money derived from the sale thereof ever came into the possession of defendant J. H. Crawford. They alleged that after the death of Lou P. Crawford, defendant J. H. Crawford became the administrator of her estate and was appointed guardian of the estate of plaintiffs herein by appointment by the United States District Court of the Southern District of Indian Territory; and that defendant as such guardian took possession of certain property under said appointments; he fully accounted for all of said property in his guardianship and administration proceedings; that his acts, accounts, expenditures, and disposal of said property and funds were approved by said court, and he and his bondsmen were discharged and released from all liability; that said orders of approval and release have long since become final and binding; defendants then alleged that they are the owners of the land described in plaintiffs' petition; that defendant J. H. Crawford purchased 220 acres of land in 1904 and 1907, and about 1500 acres in 1911, and paid for the same with his own money and funds; that he has been in the open, notorious, exclusive, continuous, peaceable, and adverse possession of said land for more than 30 years under claim of ownership. Defendants then pleaded that plaintiffs' cause of action, if any they ever had, is barred by the three-year, the five-year, and the seven-year statute of limitations as embodied in sections 4478, 4488, and 4471, respectively, of Mansfield's Digest of the Laws of Arkansas of 1884; further, that plaintiffs' cause of action, if any they had, is barred by the two-year, the three-year, and the five-year statute of limitations embodied in section 101, Okla. Stat. 1931, and by the 15-year statute of limitations, subdivision 4, section 99, Okla. Stat. 1931.

Plaintiffs replied by general denial. The cause was tried to the court, and at the request of defendants, the court made findings of fact and conclusions of law adverse to the claims of plaintiffs. Judgment was rendered accordingly, and plaintiffs appeal. After petition in error and case-made were filed in this court, defendant J. H. Craw-

ford died, and the cause, as to defendant J. H. Crawford, was revived in the name of Vera Crawford, executrix of the estate of J. H. Crawford, deceased.

The assignments of alleged error are that the court erred in its finding of fact on all the issues; that the judgment rendered is contrary to law, and contrary to and in disregard of the evidence.

Plaintiffs in their brief do not contend that there is any evidence tending to prove that any part of the funds derived from the sale of the property owned by their mother when she died in 1903 went into the purchase of any of the land here involved other than the initial purchase of 220 acres by defendant J. H. Crawford, on March 12, 1904. Their contention with respect to the other land purchased thereafter is that it was purchased and paid for by defendant J. H. Crawford from rents, profits, etc., derived from the 220 acres purchased in 1904. The finding of the court with reference to the purchase of the 220 acres in 1904 is:

"The court is of the opinion that plaintiffs have failed to prove by clear, convincing and decisive evidence that the defendants or either of them have used any property, notes or monies belonging to the plaintiffs or either of them, or their predecessors in interest, in the purchase of said 220 acres of land, and further finds that even though same might have been true, but not satisfactorily shown to the court, that same would have been, and if true, has been barred by the statutes of limitations applicable to this case, and by laches."

Careful consideration of all of the evidence will disclose that said finding is in accord with the evidence. There is evidence to the effect that plaintiffs' mother obtained a divorce from defendant J. H. Crawford in the district court of Oklahoma county, Oklahoma Territory, in 1900; that certain property, including a homestead entry, and personal property consisting of about 17 head of livestock, was set over to her in said decree as her property; that she sold said homestead about 1901, and

received therefor about $4,500, and that she also sold the livestock. There is no evidence that any part of the money received by her from the sale of said property ever went into the hands of defendant J. H. Crawford, except two promissory notes, apparently given as a part of the purchase price of the homestead, one note for $500 and the other for $595. These notes were made payable to J. H. Crawford. There is evidence that after Lou P. Crawford sold her property in Oklahoma county, defendant J. H. Crawford purchased for her lots 1 and 2, in block 139, in Pauls Valley, then in Indian Territory; that Lou P. Crawford moved into the house on said lots and lived there until her death in 1903. There is evidence tending to prove that in addition to the house and lots above mentioned, J. H. Crawford purchased for Lou P. Crawford a three-room house located on the other lots in Pauls Valley; that in the purchase of lots 1 and 2 in block 139, Pauls Valley, and the three-room house above mentioned, J. H. Crawford did use one of the notes mentioned as a part of the purchase price, and the trial court so found.

The record shows that after the death of Lou P. Crawford in 1903, defendant J. H. Crawford was appointed administrator of her estate, and that he was also appointed guardian of the estate of the four plaintiffs herein, who were then minors. The record shows a final account and approval thereof and a final order of discharge of J. H. Crawford, releasing his bondsmen in the county court of Garvin county on June 9, 1909, wherein the court found:

"On this day the report of the said administrator comes on for hearing and the court after hearing the same and the evidence submitted thereon finds that said administrator has received no property or funds belonging to said estate and that said estate has no property and that there is and has never been any necessity for the appointment of an administrator, and that he should be discharged."

The record further shows that J. H.

Crawford, in the guardianship proceedings, took and held lots 1 and 2 in block 139, Pauls Valley, and the three-room house mentioned, as the property of his minor wards, plaintiffs herein, and held the same as such guardian until about March 31, 1906, at which time it. was sold by said guardian under an order of the district court of the Southern District of·Indian Territory, entered January 31, 1906, and that the sale so made was approved by said district court on June 2, 1906. The record discloses that the defendant J. H. Crawford purchased the 220 acres of land which plaintiffs contend was paid for with their money, on March 12, 1904. Since the record shows that the property belonging to plaintiffs was not sold until March 31, 1906, it is clear that no part of the funds derived from the sale of said property could have been used by the defendant J. H. Crawford in the purchase of said 220 acres of land. The finding of the trial court with respect thereto is therefore clearly in accord with the evidence.

With respect to the other note, the trial court found:

" . . . that the other said notes, to wit: That due November 1, 1906, was paid by J. P. M. Crawford, one of the makers, on September 18, 1905, some eighteen months after the purchase of the two hundred and twenty acres referred to, and that the proceeds thereof were credited on a note due by J. H. Crawford to the First National Bank of Pauls Valley, Oklahoma, and therefore could not have been apportioned as a consideration for said 220 acres hereinbefore described.

"In this connection, the court further finds that the plaintiffs have failed to show by any evidence that said proceeds were invested in any other lands thereafter or now held by the defendants, or either of them."

There is evidence to support said finding.

The oral testimony taken at the trial covers some 340 typewritten pages in the record and cannot be reviewed in detail here. Much of the oral testimony taken is wholly immaterial and relates to matters not covered by the pleadings. Plaintiffs rely principally upon the oral testimony ̍ of two of the plaintiffs, Ida C. Parsons and James Crawford. The substance of their testimony is that at different times ·J. H. Crawford had told them that their mother's property went into the purchase of the farm and that he assured them that the children of Lou P. Crawford would be protected.

There is also the oral testimony of one other witness, Fonce Hunt, an uncle of plaintiffs, the material part of which is:

"Q. . . . Do you know about the purchase of 220 acres of land by Mr. Crawford, part of the present farm that he now owns? A. Nothing only what he told me. Q. What did he tell you? You can tell what he told you because he is one of the parties to this law suit. A. He told me he bought 220 acres of land. Q. Did he tell you what he bought it with? A. He said he sold the children's property. Q. And bought the land with it? A. Yes, sir."

All these alleged statements were positively denied by defendant J. H. Crawford. He testified positively that no funds or moneys belonging to plaintiffs were used in the purchase of said land or any part thereof.

Plaintiffs contend that the property which is the subject of this action belongs to them under the evidence presented and the doctrine of constructive trusts.

A constructive trust may be established by parol evidence. Royer v. Dobbins, 111 Okla. 156, 239 P. 157; Barnes et al. v. Morris et al., 105 Okla. 17, 231 P. 466.

But the general rule is that a mere preponderance of the evidence is not sufficient to establish a constructive trust, but that it must be established by evidence which is clear, definite, unequivocal and satisfactory, or such as to lead to but one conclusion, or as to leave no reasonable doubt as to the existence of the trust. 65 C. J. 493.

Such is the rule in Oklahoma. Lindsay, Adm'x, v. Britt, 138 Okla. 163, 280 P. 609; Teuscher et al. v. Gragg, 136 Okla. 129, 276 P. 753; Boles et al. v. Akers, 116 Okla. 266; 244 P. 182; Royer v. Dobbins, supra; Barnes v. Morris, supra; Secrest et al. v. Nobles et al., 97 Okla. 277, 223 P. 863.

The trial court found that plaintiffs failed to prove by clear, convincing, and decisive evidence that the defendants or either of them have used any property, notes, or moneys belonging to plaintiffs, or either of them, or their predecessors in interest, in the purchase of said 220 acres of land. The record shows that such finding is not against the weight of the evidence but is in accord therewith.

The trial court further found that whatever cause of action plaintiffs might have had was barred by the statute of limitations.

In view of the findings above mentioned, and the record sustaining them, it is unnecessary to consider the question of limitations.

Affirmed.

All the Justices concur.