## BILLINGS v. NEWS PUBLISHING CO. OF ENID.

No. 14444—Opinion Filed Dec. 4, 1923.

(Syllabus.)

**1. Appeal and Error—Review—Questions of Fact—Findings.**

In an action at law, where a jury is waived and the cause is tried to the court, the findings of the court will be accorded the same weight and consideration as the verdict of the jury, and where there is evidence reasonably tending to support the findings of the trial court, its judgment will not be disturbed on appeal.

**2. Same—Judgment in Action on Account —Affirmance.**

Record examined, and held, that the evidence is sufficient to support the findings of the trial court.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by the News Publishing Company of Enid against Walter Billings and E. M. Billings. Judgment for plaintiff, and defendant E. M. Billings brings error. Affirmed.

Curran & Kruse, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

NICHOLSON, J. This action was brought by the News Publishing Company of Enid against Mrs. E. M. Billings and Walter S. Billings, to recover the sum of $591.12, with interest thereon, upon an account for advertising alleged to have been furnished the defendants at their instance and request.

The defendant Mrs. E. M. Billings, for her separate answer, denied each and every allegation in said petition contained, and averred that she never contracted the bill sued upon, and never had anything whatever to do with it, and that the allegations in said petition, making her a party to said action, were false and malicious, as the plaintiff well knew; that said defendant was in no wise liable for said account. Upon the issues thus framed, the cause came on for trial. A jury was waived, and the cause tried to the court. The court found generally for the plaintiff, and rendered judgment in its favor for the amount sued for. From this judgment the defendant Mrs. E. M. Billings has appealed.

Various assignments of error are made, but they may all be disposed of by determining whether or not the judgment is sustained by the evidence, and this presents the question of whether the evidence shows that the indebtedness made the basis of this action was incurred by both defendants, and credit was extended to them as jointly liable, or whether it merely shows an oral promise on the part of Mrs. E. M. Billings to answer for the debt of Walter S. Billings. If the former, the judgment is proper. If the latter, the promise was void under the provisions of section 5034, Comp. Stat. 1921, and the court erred in its judgment.

The account grew out of certain advertising done by the plaintiff for the American Theatre and the Billings Theatre at Enid. The allegations of the petition are that the account was created at the instance and request of both the defendants. The evidence on behalf of the plaintiff was to the effect that when the American Theatre was opened, E. C. Dunlap, representing the plaintiff, was called to the theatre, where he had a conversation with the defendants, in which was discussed the advisability of running a page ad on the opening of the theatre, and how much the defendants ought to spend for advertising; that in said conversation, it was understood and agreed that Mrs. Billings should "O. K." the advertising; that she and Dunlap talked over the advertising, and she agreed to some of it, and that to which she agreed was run, and that to which she did not agree was not run; that no order for advertising was given unless Mrs. Billings agreed to it.

With reference to the advertising done for the Billings Theatre, Dunlap testified that there was never anything given to him to lead him to understand that there was anything different in the operation of this theatre from that of the American Theatre, other than the account was carried in the name of the Billings Theatre. However, when he received the advertising for the latter, Mrs. Billings was not present, but later, he had a conversation with both defendants in which Mrs. Billings told him that she had money in the Billings Theatre; that business was a little slow, the theatre was not making expenses, and if he would not push the account she would see that he got his money; that afterwards, Mrs. Billings talked to him concerning the placing of George, instead of Walter, in the management of the Billings Theatre.

The defendant Walter S. Billings testified by deposition, that he is the son of Mrs. E. M. Billings; that he built the Billings Theatre building, and had the American Theatre under lease; that he advertised with the plaintiff, and that the account sued on was correct. He testified that his mother had no interest whatever in either theatre, received no profits therefrom, and that there

was no agreement between them that she should receive any of the profits; that when he left Enid, he gave his mother a power of attorney to transact business for him, and that he owed her about $40,000.

The defendant Mrs. E. M. Billings testified that she had no interest in either theatre, and denied the conversations testified to by Dunlap. She admitted, however, that she was at the plaintiff's office with Walter. and that she said to Dunlap that she believed if he would let Walter alone, he would win out; that she told Dunlap that she would not pay the account, but she was sure Walter would pay it; that she never at any time agreed to pay the account.

This was a law action tried to the court, and we must accord to the findings of the court the same weight and consideration that would be given to the verdict of a jury, and if there is any evidence reasonably tending to support the findings of the trial court, its judgment will not be disturbed on appeal. Beard, Assignee, v. Herndon, 84 Okla. 142, 203 Pac. 226; Anicker v. Doyle, 84 Okla. 62, 203 Pac. 281; Lieberman v. Merring, Martin & Boise Co., 84 Okla. 168, 203 Pac. 1045; Gaines Bros. & Co. v. Citizens' Bank of Henryetta, 84 Okla. 265, 204 Pac. 112; Chadwell v. Brown, 88 Okla. 44, 211 Pac. 410.

It will be observed that the evidence is conflicting. That on behalf of the plaintiff tends to establish an original obligation on the part of both defendants, and that. credit was extended to both as principals, and as jointly liable. While the defendant Mrs. Billings, in her testimony, denies any promise to pay either as principal or surety.

This court will not weigh conflicting evidence, but will treat as conclusive the findings of the trial court on any doubtful and uncertain questions of fact. The trial court heard the testimony, observed the demeanor of the witnesses on the stand, and was in a position to judge of the truthfulness of their testimony. He found for the plaintiff, and as there is evidence reasonably tending to support such finding, the judgment will not be disturbed.

The judgment is affirmed.

JOHNSON, C. J., and KENNAMER, COCHRAN, BRANSON, and HARRISON, JJ., concur.