## SINCLAIR REFINING COMPANY v. KEITH.

No. 14337—Opinion Filed Dec. 4, 1923.

Rehearing Denied Jan. 15, 1924.

1. **Bills and Notes—Bank Checks—Due Presentment.**

In determining whether or not there has been due presentment of a bank check, and in determining what constitutes a reasonable time for presentment of such check for payment, regard must be had to the circumstances surrounding the transaction and to the particular facts attending the drawing and delivery thereof.

2. **Same—Loss Through Failure of Bank—Liability of Payee.**

If the payee accepts a check with knowledge and warning of the insolvent or precarious condition of the bank on which it is drawn, he must carry the risk of loss occasioned by a failure of the bank while a check is being sent by United States Post to a distant place for indorsement by the payee.

3. **Same—Unreasonable Delay in Presentment.**

Where at the time a bank check is drawn and delivered to the payee, the drawer on account of the precarious condition of the bank gives specific instructions to present the check for payment immediately and warns the payee that the risk of loss by delay must be carried by the payee, failure by the payee to present said check for payment to the bank within three days thereafter constitutes unreasonable delay under the circumstances, and the drawer is discharged from liability thereon.

4. **Appeal and Error—Review—Questions of Fact.**

In a law action, where a jury is waived and the cause tried to the court, and where the evidence reasonably tends to support the judgment of the trial court, the Supreme Court will not substitute its judgment for that of the trial court, and the determination of questions of fact will not be disturbed on appeal.

5. **Same—Affirmance.**

Record examined, and held, that the judgment of the trial court is reasonably supported by the evidence.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Murray County; W. L. Eagleton, Judge.

Action by Sinclair Refining Company against C. H. Keith, Judgment for defendant, and plaintiff appeals. Affirmed.

John T. Young and John A. Haste, for plaintiff in error.

W. N. Lewis and W. G. Long, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the district court of Murray county, Okla., on the 17th day of August, 1922, by the Sinclair Refining Company, a corporation, plaintiff in error, plaintiff below, against C. H. Keith, defendant in error, defendant below, to recover the sum of $300 alleged to be due it on a bank check drawn by the defendant in error and made payable to the order of plaintiff in error. The parties will be hereinafter referred to as they appeared in the court below.

The action arose in the following manner:

In the month of February, 1922, and prior thereto, Claude Wright represented the plaintiff at Sulphur, Okla., in marketing and distributing oil and natural gas produced and manufactured by the plaintiff. The head office of the plaintiff at that time was in Wichita, Kan. Joe Wright and Julius Greenwood were associated with Claude Wright in marketing and distributing the products of the plaintiff, but sustained no contractual relations with the plaintiff.

On the prior to February, 1922, the defendant owed plaintiff a sum of money on account and on the afternoon of February 18, 1922, between the hours of three and five o'clock p. m., a settlement was reached between plaintiff and defendant whereby the defendant executed and delivered to Claude Wright his check for $300, made payable to the plaintiff and drawn on the Bank of Commerce of Sulphur, Okla.

Immediately upon the delivery of said check to Claude Wright, and on the same afternoon, it was forwarded by United States post to Wichita, Kan., to be endorsed by the plaintiff and returned for payment by said bank.

The day following was Sunday and the bank did not open its doors for business on that day; but on Monday, February 20th, and Tuesday, February 21, 1922, the bank was open for business. After the close of business on February 21, 1922, the bank was taken over by the State Banking Department of Oklahoma, and has not opened its doors for business since that time.

The check had not been returned for presentment and payment by said bank prior to its failure, and the plaintiff brought suit on said check, alleging that it presented said check for payment to said Bank of Commerce in due course of business; that payment was refused, and alleging that the defendant was indebted to it in the sum of $300, with interest at six per cent. from February 18, 1922, and demanding judgment accordingly.

It was the claim of the defendant that at the time of the delivery of the check to the plaintiff, he gave specific instructions to present the check for payment immediately; that he had funds in said bank to pay the same on the 18th day of February, 1922, and that by reason of the negligence of the plaintiff in failing to present said check for payment as requested, the defendant was discharged from liability.

A jury was waived and the cause tried to the court. Findings of fact and conclusions of law were made and filed by the trial court at the request of the plaintiff. The court then entered judgment in favor of the defendant, and the plaintiff brings the cause regularly on appeal to this court.

The trial court made the following findings of fact and conclusions of law:

1. "That the check was executed and delivered on February 18, 1922, somewhere near the end of banking hours for that day, The court is not able to determine whether after the closing of banking hours or just before banking hours, but about that time.

2. "That the day of the execution of said check was Saturday.

3. "That the Bank of Commerce on which the check was given was open, receiving deposits and paying off all checks as presented on Monday February 20th and February 21st.

4. "That said bank closed its doors and has not transacted business since closing said doors on the evening of February 21, 1922.

5. "That said check was not presented for payment prior to the closing of said doors of said bank.

6. "That said check was given upon a settlement of accounts between C. H. Keith and J. B. and Claude Wright and Julius Greenwood who were in business in Sulphur, Oklahoma, at said time selling the output of the Sinclair Refining Company under a contract between the said Sinclair Refining Company and J. B. Wright.

7. "That said check has never been paid.

"As a conclusion of law, the court is of the opinion that plaintiff must fail in this action because said check was not presented for payment after the same had been executed and delivered within a reasonable time of said delivery. It is therefore the judgment of the court that the plaintiff take nothing by this action, and that the defendant have judgment for his costs."

There are only two propositions argued by the plaintiff in its brief as grounds for reversal, namely:

(1) That the court erred in its findings of facts.

(2) In its conclusions of law.

It is conceded by the plaintiff that all of the findings of fact accord with the weight of evidence, except the sixth finding of fact.

We are unable to find any conflict in the evidence whatever upon the proposition that the defendant owed the plaintiff $300, and that he executed and delivered his check to it in payment of the indebtedness. This as we understand it accords with the allegations of defendant's answer and admitted by the plaintiff.

If as a matter of fact the trial court intended to find by the sixth finding of fact mentioned that the indebtedness was owing by Keith to J. B. Wright, Claude Wright, and Julius Greenwood, individually, instead of to the plaintiff, such finding was not prejudicial, since both sides are in agreement on the proposition that the indebtedness was owing to the plaintiff.

The court was perhaps unfortunate in the choice of language used, and what the court, no doubt, intended to say was that the $300 check was given in settlement of an account due by the defendant to the plaintiff, whose business in Sulphur was handled by J. B. Wright, Claude Wright, and Julius Greenwood, owners of a contract taken in the name of J. B. Wright. That this is true is made evident by the language of the court used in its conclusions of law.

The chief reliance of the plaintiff, however, is placed upon alleged error of the court in its conclusions of law. The trial court found as a conclusion of law that the check in controversy had not been presented for payment to the bank within a reasonable time after its execution and delivery.

It is insisted by the plaintiff that Claude Wright, as agent of the plaintiff, had no authority, express or implied, to endorse the check for the plaintiff, and thus a necessity arose to forward the check to the plaintiff at its place of business in Wichita, Kan., for endorsement and return by due course of mail, and that the time employed in thus transmitting the check was not an unreasonable delay, and it quotes numerous authorities in support of the rule of law that the authority of an agent to collect accounts and receive money and checks payable to his principal carries with it no implied authority to endorse checks for his principal.

It argues that the time employed in doing this necessary thing is not an unreasonable delay. We have no quarrel with plaintiff over the correctness of the rule of law insisted upon, but we do not think it has any application to the facts as disclosed by the record before us. The defendant testified that when the check was drawn and delivered to Claude Wright on the afternoon of February 18, 1922, he requested that the check be cashed at once, that the money to take up the check was in the bank, and that if the plaintiff held the check, it would do so at its own risk, and demanded and received a receipt for the money.

This testimony was corroborated by the testimony of Julius Greenwood, who testified that he heard the defendant make this request as he passed out of the door, upon leaving Wright's place of business, on the afternoon of February 18, 1922.

While Claude Wright disclaimed any recollection of this statement of the defendant, it was a matter for the court to determine under the evidence before it whether or not such request had been made by the defendant. Our conclusion is that this request of the defendant, if believed by the court, was sufficient to impart information to the plaintiff that the Bank of Commerce was in a failing condition at the time and to cast upon the defendant the burden of the risk of delay involved in forwarding the check to Wichita for endorsement.

In these circumstances we do not think the plaintiff justified in assuming the risk that the bank might fail while said check was being forwarded to Wichita, Kan., and then upon the happening of the event, hold the defendant liable for the loss.

Our statute provides:

"A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay," section 7856, Compiled Oklahoma Statutes, 1921.

The question of what constitutes a reasonable time for presenting checks for payment has very generally been held to depend upon the circumstances of each case, and the relations which exist between the parties to the transaction.

In 5 R. C. L., at page 508, it is said:

"The rule with reference to what is a reasonable time in presenting checks for payment is regulated largely by the rules that obtain in cases of bills and notes. In the absence of exceptional circumstances, such reasonable time has been held to be the shortest period within which, consistently with the ordinary employments and duties of commercial business, the duty of presentment and demand can be performed; and this period has been held very generally to depend upon the circumstances of the case and the relations which exist between the parties.*** The nature of the instrument and the facts of the particular case have always been considered in passing upon the question of reasonable or unreasonable time."

Again, on page 506, the same author says:

"***The holder of a check is bound to use due diligence in obtaining the money, and must present it and demand payment within a reasonable time. * * * If, however, the holder has knowledge of the insolvent or precarious condition of the bank, he must present the check for payment at once at the first opportunity, or the drawer will be relieved from liability."

In 8 Corpus Juris, at page 539, it is said:

"A check like a bill of exchange must be presented for payment within a reasonable time and what is a reasonable time will depend on the circumstances of each particular case.***In many instances the time, the mode, and the place of receiving a check the relations of the parties must be considered to determine whether or not there has been due presentment and in determining what is a reasonable time, regard must be had to the usage of trade or business and to the particular facts, if any, attending the particular action in hand."

Where a check is drawn and made payable to a payee, residing in a place distant from the place of payment, the rule of law allowing a reasonable time for the passage of

the check by United States mail to and from the residence of the payee has no application, where the payee accepts the check with notice that any delay in presentment of the check is dangerous. In such a situation, if the payee does not decline acceptance of the check, he and not the drawer must carry the risk of failure by the bank while the check is being sent to the payee for endorsement.

While it is denied that Wright had authority, express or implied, from plaintiff to endorse checks delivered to it in payment of accounts owing, it is conceded and the evidence clearly shows that Wright did have authority to receive money and checks payable to the plaintiff, and this authority, we think, carried with it the power to accept the check in full payment of the account and discharge defendant from further liability.

Whether in the instant case the trial court found from the conflicting evidence before it that the check was delivered to the plaintiff under circumstances which operated to cast upon the plaintiff the burden of any risk for delay in the presentment of the check and to discharge defendand from all liability, or whether it found under the peculiar circumstances surrounding the transaction and the situation of the parties in reference to the precarious condition of the bank at the time the check was drawn and delivered, the plaintiff failed to present the check for payment within a reasonable time, its conclusion of law involved a finding of every special thing necessary to be found to sustain the general finding and conclusion and will be given the effect of the verdict of a jury upon conflicting testimony, and if reasonably supported by the evidence, will not be disturbed by the Supreme Court. Shenners v. Adams, 46 Okla. 268, 148 Pac. 1023; McCann v. McCann et al., 24 Okla. 264, 103 Pac. 694.

After a careful examination of the entire record we are convinced that the trial court committed no error in its decision, and the judgment is therefore affirmed.

By the Court: It is so ordered.