## CITY OF ENID v. RECTOR.

No. 14759—Opinion Filed Feb. 19, 1924.

**1. Judgment—Proceeding to Vacate—Judgment Sustained.**

In the trial of an action to vacate and set aside a judgment all of the issues, both of fact and law, were submitted to the court without the intervention of a jury. At the conclusion of all the testimony plaintiff demurred to the evidence and requested the court to render judgment as prayed for in his answer. The court sustained the demurrer, made special findings of fact, and rendered a judgment in favor of the plaintiff, dismissing the petition of the defendant to vacate, and finding that the judgment was a legal and valid judgment. Held, that while the judgment of the court sustained the demurrer, yet, having made special findings of fact and conclusions of law, the court necessarily weighed the defendant's testimony for the purpose of determining the

rights of the respective parties, and the whole case being before the court, and there being evidence reasonably tending to support the court's judgment, no reversible error was committed.

**2. Process—Return of Summons — Correction.**

Where the uncontroverted testimony discloses that a summons was delivered to an officer and served, but he instead of signing the return himself delivered it to another officer, who signed the return without himself having actually made the service, and where the court after the trial and before judgment orders that the return be corrected so as to speak the truth, under the provisions of sections 318 and 319, Compiled Oklahoma Statutes of 1921, such error and defect will be disregarded.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Frank Rector against the City of Enid, a municipal corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

F. E. Chappell, for plaintiff in error.

W. J. Otjen and George W. Buckner, for defendant in error.

Opinion by FOSTER, C. This appeal is prosecuted by the city of Enid, a municipal corporation, plaintiff in error, defendant below, to reverse a judgment of the district court of Garfield county, denying its petition to vacate and set aside a judgment theretofore obtained against it in said court by Frank Rector, the defendant in error, plaintiff below.

The parties will be hereinafter referred to as they appeared in the trial court.

It appears that the plaintiff had sued the defendant to recover the sum of $1,084.31, alleged to be due him for salary earned as police judge and as sanitary policeman for several months.

At the commencement of his action a summons was issued by the court clerk on the 25th day of September, 1922, and placed in the hands of the sheriff of Garfield County, Okla., for service upon the defendant, wherein the defendant was required to answer the petition of the plaintiff by the 20th day of October, 1922.

The following return was made by the sheriff's office and filed with the summons in the office of the court clerk:

"State of Oklahoma,

ss.

"Garfield County.

"Received this writ Sept. 25, 1922, and as commanded therein I summoned the following persons of the defendants within named at the times, following to wit: The City of Enid by delivering a true and certified copy of the within summons with all the indorsements thereon to Wm. Ryan as mayor of the City of Enid, on Sept. 26, 1922, by delivering to each of said defendants personally, in said county, a true and certified copy of the within summons, with all the indorsements thereon.

"C. E. Dewing, Sheriff.

"By George Davis, Deputy."

It further appears that the service of said summons was not made by George Davis, although he was at that time a deputy sheriff in Garfield county and authorized to serve process, but said service was made by one G. M. Bellairs, who was also a deputy sheriff of Garfield county and authorized to serve process.

No answer was filed by the defendant on or before the answer day, which was October 20, 1922, and thereafter and on the 23rd day of October, 1922, the default of judgment was rendered in favor of the plaintiff for the sum of $1,084.31, as prayed for in his petition.

Thereafter, and on the 26th day of October, 1922, defendant filed its petition to vacate and set aside the default judgment of October 23, 1922, claiming that said judgment was void for want of service; that the defendant had no notice of the pendency of said action and had no opportunity to appear and contest the claim of plaintiff, and that it had a good and valid defense to said action.

After a demurrer to defendant's petition to vacate had been overruled, issue was joined by the filing of an answer by the plaintiff and the reply thereto of the defendant, and the cause proceeded to trial before the court without the intervention of a jury. At the conclusion of the testimony the court sustained a demurrer interposed by the plaintiff to the testimony offered on the part of the defendant, and thereupon, after making findings of fact and conclusion of law, entered a general judgment in favor of the plaintiff dismissing the petition of the defendant to vacate, and finding that the judgment of October 23, 1922, was a legal and valid judgment.

Motion for a new trial was filed and overruled, and the defendant brings the cause

regularly on appeal to this court up petition in error and case-made.

An examination of the brief of the defendant discloses that it does not contain any of its specifications of error separately set forth and numbered, with the argument and authorities in support of each point relied on in the same order as required by rule number 26 of this court. In these circumstances any errors assigned in the petition in error and relied upon as a ground for reversal, under numerous decisions of this court, might well be deemed waived and abandoned.

It has been held many times that this court will not examine the record filed in search of prejudicial errors which are not clearly pointed out and insisted upon in the brief. However, defendant, in its brief, under the general head of "argument of counsel" earnestly insists that the trial court committed reversible error in not vacating the judgment rendered against it on October 20, 1922, because it is claimed that said judgment was not based upon any service of summons.

As we view the case a determination of this question will be decisive, for if said judgment, upon extrinsic evidence of no service, is shown to be void, the existence of a meritorious defense to the action is immaterial. If defendant is right in its contention that the judgment is void because not based upon any service of process, it is unnecessary for it to allege in its petition or show in the proof that it had a good defense to the action. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681. If it was served with process and failed to appear through its own neglect, a meritorious defense to the action can be of no avail in the absence of proper allegations and proof of fraud on the part of plaintiff, or unavoidable casualty and misfortune by which it was prevented from appearing.

It must be borne in mind that where, as in this case, the cause is tried to the court, and where the evidence reasonably tends to support the judgment of the trial court. the Supreme Court will not substitute its judgment for that of the trial court, and the determination of the questions of fact will not be disturbed on appeal. Shenners v. Adams, 46 Okla. 368, 148 Pac. 1023; Sinclair Refining Co. v. C. H. Keith, 97 Okla. 55, 221 Pac. 1003.

The court sustained a demurrer filed by the plaintiff to the sufficiency of the testimony, and in sustaining said demurrer after argument of counsel, the record shows that the court gave special attention to the case, and that the testimony had been given special consideration, and that it had resolved every doubt in favor of the defendant and reviewed the pleadings and the evidence, and made special findings of fact, and found as a matter of fact that the evidence of the defendant did not justify the relief prayed for, and that the defendant had wholly failed to prove the allegations of its petition to vacate.

The record shows that the defendant excepted to the oral findings of fact and conclusions of law by the court, and set up in its motion for a new trial that the "findings of the court" are not sustained by sufficient evidence and are contrary to law. The action of the court, therefore, comes within the rule laid down by this court in the case of Lowrance v. Henry et al., 75 Okla. 250, 182 Pac. 489:

"In the trial of a law action, all of the issues, both of fact and law, were submitted to the court without the intervention of a jury. At the conclusion of the plaintiff's testimony, and after he had rested his case, defendants demurred to the evidence, and at the same time requested the court to render judgment in their favor as prayed for in their answers. The court sustained the demurrer, made special findings of fact, and rendered a decree in favor of the defendants. Held, that while the judgment of the court sustained the demurrer, yet, having made special findings of fact, it was obvious that the court weighed the plaintiff's testimony for the purpose of determining the rights of the respective parties, and the whole case being before the court. and there being evidence reasonably tending to support the court's findings, no reversible error was committed.

"When a trial is had before the court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by its so doing, and when the plaintiff has introduced all his proof and rested, no right of his will be impaired, if the court then determines what has been proven."

It follows that if there is any testimony reasonably tending to sustain the finding and judgment of the trial court that there was actual service had upon the defendant, the judgment must be sustained.

The testimony of Deputy Sheriff Bellairs, a witness for defendant, that he served the

summons on William Ryan, mayor of the city of Enid, is not contradicted by the direct testimony of any witness. Mr. Ryan did not deny positively that he had been served with summons and went no further than to say that he had no recollection of being served. The fact that the return of service may have been signed by an officer other than the one actually serving the summons falls far short of furnishing convincing evidence of a want of actual service, and constituted at the most an amendable defect which could be and was cured by the trial court in ordering in its findings of fact that the return should be corrected so as to speak the truth. This amendment was permissible in view of clear and positive testimony in the record that the summons was delivered by Mr. Davis, the deputy who received the summons, to Bellairs, who served the summons on the defendant, and, instead of signing the return himself, returned it to Davis, who, it appears, signed the return without himself having made service, and the amendment when made operated to cure the defect, and under the provisions of sections 518 and 519, Comp. Stat. 1921, will be disregarded.

The objection that the court erred in not permitting the defendant to introduce in evidence and prove by the return of the officer Bellairs upon another summons issued in another case by the district court of Garfield county and served upon the defendant on the 25th day of September, 1922, cannot be sustained. This testimony did not tend to show a want of actual service on the defendant and at most could have revealed only an amendable error as to the date of service.

We think the judgment and finding of the trial court to the effect that there was actual service of summons on the defendant, and that the trial court therefore had jurisdiction to enter the judgment, is sustained by the evidence in the case, and that no competent evidence was introduced on either side which in our judgment tended in any reasonable way to contradict such finding and judgment.

For the reasons stated, it follows that the judgment of the trial court should be and is hereby afffrmed.

By the Court: It is so ordered.