## MAGNA OIL & REFINING CO. v. CAMERON REFINING CO.

No. 15296—Opinion Filed July 7, 1925.

### 1. Appeal and Error—Review—Conflicting Evidence—Conclusiveness of Findings.

This court will not weigh conflicting evidence, but will treat as conclusive the findings of a trial court on any doubtful and uncertain questions of fact. The trial court heard the testimony, observed the demeanor of the witnesses on the stand, and was in a position to judge of the truthfulness of their statements and the weight to be given their testimony.

### 2. Same.

This court will presume that the trial court in its conclusions of law found every special thing necessary to be found to sustain the general findings and conclusions, and its findings will be given the same effect as the verdict of a jury upon conflict-

ing testimony, and if reasonably supported by the evidence, will not be disturbed on appeal.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Magna Oil & Refining Company against the Cameron Refining Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Slough & Gibson, for plaintiff in error.

Johnson & McGill, for defendant in error.

Opinion by MAXEY, C. The parties in this suit entered into a contract on January 19, 1920, whereby the defendant was to furnish the plaintiff 25 cars of fuel oil to be delivered at the rate of from two to four cars a day. The plaintiff was to supply the cars to defendant at its refinery in Ardmore, Okla. The delivery of the oil was delayed by plaintiff, who on more than one occasion wired defendant to hold up shipments. Defendant also complained about the delay in furnishing cars to fulfill the contract, and on March 4th, the plaintiff wired the defendant that it had some cars in Omaha and in Missouri which it could get if the defendant would allow sufficient time. On March 5th, the defendant wired the plaintiff that it would give them ten more days to furnish cars to complete the contract, and if the cars were not furnished within that time the contract would be considered canceled. Plaintiff accepted this proposition and defendant was expecting cars every day from the north and inquiring for them, and on or about March 9th was advised by the plaintiff that it had shipped some to them from Dallas, Tex. The defendant inquired of the railroad company every day for these cars and was advised that they were not there. Later on, about the 13th of the month, defendant learned that these cars in some way had been way-billed to the Mid-Continent Company at Ringling, and that the Mid-Continent Company had loaded out five of these cars and had only two of the shipment left. The defendant loaded these two and the Mid-Continent Company offered to supply five other cars to the defendant, but they did not own the cars, and the defendant refused to load them, without authority from the owner of the cars.

It appears from the evidence that the plaintiff was under the impression that the Mid-Continent Company was located at Ardmore, the same place that the defendant

company was located, but the Mid-Continent Company was located at Ringling, some 30 odd miles from Ardmore. The plaintiff finally agreed that the defendant might use the five cars that the Mid-Continent offered to substitute for the ones they had taken, but this agreement on the part of the plaintiff was not made until the 16th day of March, the day on which the contract expired. It was impossible to get the cars from Ringling to Ardmore and load them that day. The whole trouble seems to have been brought about by the plaintiff's failure to furnish the cars to the defendant. The time expired on the 15th of March, and the five cars were not loaded and plaintiff brought this suit to recover damages for failure on the part of the defendant to carry out its contract.

The defendant answered that it was prevented from carrying out the contract by reason of plaintiff's failure to furnish the cars to load the oil in. A trial was had to the court, a jury having been waived, and after hearing the testimony, the court found for the defendant and adjudged the costs against the plaintiff, and the plaintiff has duly appealed the case to this court.

The plaintiff takes the position in this court that the fault was the defendant's and says that the defendant attempted to change its reason for not fulfilling the contract on the trial of the case from what it had theretofore stated was the reason it did not fulfill it. We are unable to agree to this contention. It seems that the defendant called the plaintiff up on the 4th day of March, and told it that it would be impossible to deliver the balance of the cars, as the time expired on the 5th. Plaintiff replied that it had some cars in Omaha and in Missouri that it could get down there if defendant would give it time. The defendant, notwithstanding the price of oil had advanced, agreed to extend the time ten days to enable plaintiff to get the cars there so it could load them. The plaintiff delayed getting the cars there until the defendant notified plaintiff that the cars had not arrived, and that if plaintiff did not get them there in time to load by the 15th, it would cancel the contract. The plaintiff then notified the defendant that it had ordered the cars shipped to defendant from Dallas, but it seems that instead of billing the cars to the defendant at Ardmore, it billed them to the Mid-Continent at Ringling and for that reason the defendant was unable to load out the cars.

We have examined this record very carefully and we are inclined to think the case

was properly decided by the trial court. There is certainly testimony that reasonably tends to support the findings and the judgment of the court, and this court said in the case of Billings v. News Publishing Company of Enid, 96 Okla. 167, 221 Pac. 12, that:

"This court will not weigh conflicting evidence, but will treat as conclusive the findings of a trial court on any doubtful and uncertain questions of fact. The trial court heard the testimony, observed the demeanor of the witnesses on the stand, and was in a position to judge of the truthfulness of their statements and the weight to be given their testimony."

Again in the case of Sinclair Refining Co. Keith, 97 Okla. 55, 221 Pac. 1003, this court said, with reference to the judgment of the lower court:

"Its conclusion of law involved a finding of every special thing necessary to be found to sustain the general finding and conclusion, and will be given the effect of a verdict of a jury upon conflicting testimony, and, if reasonably supported by the evidence, will not be disturbed by the Supreme Court."

We think this case comes clearly within the above rules announced by this court, and that there is ample evidence to support the findings of the court, and recommend that the judgment be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 883, §2855. (2) 4 C. J. p. 876, §2853.